**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:07-cr-10 |
| | ) | |
| Shalako Lynn White Lightning, | ) | |
| | ) | **ORDER DENYING MOTION** |
| Defendant. | ) | |

_____

Before the Court is the Defendant's motion, filed October 20, 2008, requesting reduction of her sentence. She claim recent changes in the Sentencing Guidelines would result in a lower criminal history calculation and thus a lower sentence. The Government resists the motion. For the reasons explained below the motion is denied.

**I.     BACKGROUND**

The Defendant pled guilty to involuntary manslaughter on April 19, 2007. She was sentenced to 40 months imprisonment on July 9, 2007. The base offense level was 22 and the Defendant received a 3 level reduction for acceptance of responsibility which produced the total offense level of 19. The calculation of the Defendant's criminal history score resulted from the assessment of 4 criminal history points. Two points were assessed for a 2002 DUI/reckless driving/failure to stop/ minor in possession conviction. One point was assessed for a 2003 minor in possession of alcohol conviction. And one more point was assessed for a 2003 DUI/DUS. These 4 points placed her in criminal history category III. This produced a Guideline sentencing range of 37-46 months. The 2006 edition of the Guidelines Manual was used to make these calculations.

**II.     ANALYSIS**

The motion is made pro se.  Although not mentioned, the motion is presumably brought pursuant to 18 U.S.C. § 3582(c)(2) and the Court will treat it as such.  Section 3582(c)(2) provides as follows:

> The court may not modify a term of imprisonment once it has been imposed except that–
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

The motion references an amendment 9 and an amendment 12 and states these changes were made on November 1, 2007, and December 11, 2007, respectively.  Amendment 9 was effective January 15, 1988.  It corrected a clerical error in § 2B1.2(b)(1).  Amendment 12 also became effective on January 15, 1988.  It clarified § 2B2.1(b)(2) regarding the determination of loss.  Neither of these amendments, which occurred long before the Defendant was sentenced, have any bearing on her case.

Presumably, the Defendant is referring to amendments 709 and 712 which became effective on November 1, 2007, and December 11, 2007, the dates referenced by the Defendant in her motion.

Amendment 709 addresses the counting of multiple prior sentences and the use of misdemeanor and petty offenses in determining a defendant's criminal history score.  The

changes affected sections 4A1.1(f),[1] 4A1.2(a)(2),[2] 4A1.2(c)(1), and 4A1.2(c)(2).[3]  The Defendant has not articulated exactly why she thinks Amendment 709 applies to her case.  The Court has reviewed the presentence investigation report and Amendment 709 and concludes the changes would not affect the calculation of the Defendant's criminal history.

Amendment 712 modifies and clarifies U.S.S.G. § 1B1.10 as to when and to what extent a reduction in a Defendant's sentence is consistent with the Guidelines policy statement and thus authorized by 18 U.S.C. § 3582(c)(2).  The relevant portion of § 1B1.10 provides as follows:

> (1) <u>In General</u>.--In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. 3582(c)(2). As required by 18 U.S.C. 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.
>
> (2) <u>Exclusions</u>.--A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. 3582(c)(2) if–
>
>   (A) None of the amendments listed in subsection (c) is applicable to the defendant; or
>
>   (B) An amendment listed in subsection (c) does not have the effect of

---

[1] This change related to crimes of violence.  None of the Defendant's prior convictions were crimes of violence.

[2] This change clarified what sentences should be counted separately and that consecutive sentences should be aggregated.  The change does not affect the 2 points the Defendant was assessed for her October 6, 2002, convictions as the convictions resulted from the same arrest and the consecutive sentences were imposed on the same day.

[3] These changes removed fish and game violations and local ordinance violations (except those violations that are also violations under state criminal law) from the list of offenses which count toward a defendant's criminal history, assuming a sentence of at least 30 days imprisonment or more than one year of probation is imposed, and placed them in the list offenses which do not count.  The Defendant's March 3, 2003 conviction was for underage possession of alcohol.  She was sentenced to 30 days in jail.  While it is unclear from the PSR if she was charged with violating a local ordinance, underage possession of alcohol is a violation of state criminal law as well. N.D.C.C. § 5-01-08.  The 30 day sentence requires the conviction be counted.

>    lowering the defendant's applicable guideline range.

(3)   <u>Limitation</u>.--Consistent with subsection (b), proceedings under 18 U.S.C. 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

U.S.S.G. § 1B1.10.

Amendment 709 is not listed in subsection (c).  Thus, a reduction in the Defendant's sentence would not be consistent with policy statements of the Sentencing Commission as is required by 18 U.S.C. § 3582(c)(2).  This would be true even if Amendment 709 affected the calculation of the Defendant's criminal history score.

### III.   CONCLUSION

In sum, Amendment 709 does not change the Defendant's criminal history score and in any case it is not retroactive.  Accordingly, the Defendant's motion is **DENIED.**

**IT IS SO ORDERED.**

Dated this 13th day of November, 2008.

>                         /s/ *Patrick A. Conmy*
>                         Patrick A. Conmy, Senior District Judge
>                         United States District Court